UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

ERIC C. BROWDER, GILBERTO HERNANDEZ,
JONATHAN PADILLA, and OMAR MOTA,

                       Plaintiffs,

           -v-

ADVERTISEMENT CARRIERS ENTERPRISES, INC.
and ALBERT TIRADO,

                       Defendants.

------------------------------------------------------------------------X

ADVERTISEMENT CARRIERS ENTERPRISES, INC.
and ALBERT TIRADO,

                       Third-Party Plaintiffs,

           -v-

ISABEL SULLY,

                       Third-Party Defendant.

------------------------------------------------------------------------X

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
DOC #:_____
DATE FILED: 11-30-16

15 Civ. 5594 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

On April 21, 2016, plaintiffs Eric Browder,[1] Gilberto Hernandez, and Omar Mota (the

"settling plaintiffs"), along with defendants Advertisement Carriers Enterprises, Inc. ("ACE")

and Albert Tirado, a corporate officer of ACE involved in its operations, moved for approval of a

---

[1] Browder's name was spelled as "Brower" in the original case caption and in the caption of
subsequent filings. The parties' submissions in connection with approval of the settlement
agreement, along with the settlement agreement itself, however, refer to this plaintiff as
"Browder." The Court directs the Clerk of Court to amend Browder's name in the caption of this
case to "Browder." *See United States v. Edwards*, 241 F.R.D. 146, 147–49 (E.D.N.Y. 2007).

proposed settlement agreement in this Fair Labor Standards Act ("FLSA") action.  For the reasons that follow, the Court approves the settlement agreement.  The Court separately dismisses with prejudice the claims of plaintiff Jonathan Padilla, and all claims against Isabel Sully, a third-party defendant.

I.     **Background**

A.     **Factual Allegations**

On July 17, 2015, plaintiffs filed a complaint bringing claims under the FLSA and the New York Labor Law ("NYLL") for unpaid overtime and minimum wage violations under both laws, along with spread of hours violations under the NYLL.  Dkt. 1 ("Complaint"), ¶¶ 49–80. The complaint alleges that Browder, Hernandez, and Mota were employed as delivery persons by defendants, operated out of defendants' advertisement distribution center, located at 1157 East 156th Street in the Bronx, and were responsible for delivering advertising materials door to door in designated areas.  *Id.* ¶¶ 5–48.  Browder was employed from October 2014 through the filing of the complaint; Hernandez was employed from October 2012 through the filing of the complaint; and Mota was employed from October 2007 through the filing of the complaint.  *Id.* ¶¶ 9–10, 12.  On September 4, 2015, defendants filed an answer.  Dkt. 9.

B.     **Settlement Application**

On April 21, 2016, the three settling plaintiffs and defendants applied for approval of their settlement.  They submitted a joint motion for approval and for dismissal of this action with prejudice, Dkt. 34; a memorandum of law in support, Dkt. 35 ("Memorandum"); the proposed settlement agreement, Dkt. 35, Ex. 1 ("Agreement"); declarations from their counsel, Justin M. Reilly, Esq. and Neil H. Greenberg, Esq., in support of a fee application, describing their hours worked and costs incurred, Dkts. 36–37; and a report tallying those hours, Dkt. 35, Ex. 2.

Under the Agreement, defendants are to pay a total of $65,000, over the course of a series of installment payments, as follows: $7,000 to Browder; $19,000 to Hernandez; $19,000 to Mota; and $20,000 to plaintiffs' counsel to cover legal fees and costs. Agreement ¶ 2. In exchange, the three settling plaintiffs will release defendants from all claims arising under the FLSA and NYLL or any other claims related to their compensation as employees of defendants. *Id.* ¶ 1.

### C.     Dismissals of Two Other Parties

Contemporaneously, the parties have moved for dismissal of defendants' third-party complaint against Sully and of the claims of plaintiff Padilla.

As to Sully, on November 13, 2015, counsel jointly filed a stipulation permitting defendants to file a third-party complaint against Sully, which the Court signed on November 16, 2015. Dkt. 15. Defendants filed such a complaint and, on December 10, 2015, an affidavit of service, Dkt. 23, reflecting service on Sully on December 3, 2015. While Sully never answered the complaint, defendants did not pursue a certificate of default and now move for dismissal of the claims against him with prejudice, Dkt. 34. The Court grants that unopposed motion.

As to Padilla, on March 14, 2016, plaintiffs' counsel moved to withdraw as counsel for him, on the ground that he had been unresponsive and had not participated in discovery. *See* Dkts. 27–28. On March 29, 2016, the Court granted that motion and directed Padilla to inform the Court by April 15, 2016 whether he intended to pursue his claims, which otherwise would be dismissed with prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b). Dkt. 30. The Court did not receive a response from Padilla. Accordingly, the Court grants the parties' unopposed motion to dismiss Padilla's claim with prejudice. Dkt. 34. *See Nita v. Conn. Dept. of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994) (citation omitted); *Chira v. Lockheed*

*Aircraft Corp.*, 634 F.2d 664, 667–68 (2d. Cir. 1980) (six-month delay in completing discovery and in doing nothing to move case forward to trial warrants dismissal under Rule 41(b)).

## II.     Discussion

### A.     Approval of the Settlement Agreement

Under the FLSA, any employer that fails to pay required minimum or overtime wages "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages."  29 U.S.C. § 216(b).  Parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor.  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015).  Instead, they must satisfy the Court that their agreement is "fair and reasonable."  *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015).

"In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of the circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of an arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion."  *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010).

Factors that weigh against settlement approval "include the following: (1) 'the presence of other employees situated similarly to the claimant'; (2) 'a likelihood that a claimant's

4

circumstance will recur'; (3) 'a history of FLSA non-compliance by the same employer or others in the same industry or geographic region'; and (4) the desirability of 'a mature record' and 'a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.'"  *Id.* at 336 (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1244 (M.D. Fla. 2010)).  Courts in this Circuit also commonly decline to approve settlements containing unjustified confidentiality provisions, overbroad non-disparagement provisions, or general release provisions that extend beyond the claims at issue in the lawsuit.  *See Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *1–2 (S.D.N.Y. Jan. 15, 2016) (collecting cases).

Having considered the relevant factors, the Court finds they support approval of the Agreement in this case.

First, the amount each settling plaintiff stands to receive represents a significant portion of his total potential recovery at trial.  Browder's payout of $7,000 represents 59.5% of the $11,755.06 he sought; Hernandez's payout of $19,000 represents 46.7% of the $40,673.08 he sought; and Mota's payout of $19,000 represents 42% of the $45,184.72 he sought.  *See* Memorandum at 2.  And there was no assurance the settling plaintiffs would prevail at trial. Defendants disputed plaintiffs' factual allegations and claimed, *inter alia*, that plaintiffs were not actually employees of defendants.  *Id.*  The parties were well-positioned to gauge the likelihood of success at trial, as the case had proceeded well into discovery as of the time of settlement.  All three settling plaintiffs were deposed, as was John Otero, a 50% owner of ACE.  And before accepting this settlement, plaintiffs had rejected two offers from defendants as inadequate.  *Id.* The Court therefore finds the negotiated settlement amounts reasonable, both because they

represent a significant portion of plaintiffs' claimed recoveries and because they were agreed to after discovery had illuminated each side's prospects.

Second, the settlement will save the parties time and expense.  Some discovery remains incomplete, including the deposition of defendant Tirado.  The settlement will spare the parties considerable costs of summary judgment motion practice; trial preparation, including preparation of a joint pretrial order; trial; and, potentially, an appeal.  *Id.* at 2–3.

Third, the settling plaintiffs faced significant litigation risks at summary judgment and/or trial.  Defendants might have prevailed by countering plaintiffs' specific factual allegations or, more broadly, by establishing that plaintiffs were not defendants' employees but were instead parties to independent contractor agreements with ACE.  *Id.* at 2.  Moreover, insofar as plaintiffs have alleged that defendants did not maintain a system to track the hours the plaintiffs worked, Complaint ¶ 44, the settling plaintiffs' abilities to recover the amounts sought would have turned largely on their credibility at trial in testifying that they had worked the long hours they claimed. The settlement spares plaintiffs these risks and costs and expedites receipt of their recoveries. Memorandum at 3.

As to the fourth and fifth factors, there is no evidence of fraud or collusion.  The Agreement appears to be the result of arm's-length negotiations at which the settling plaintiffs were represented by competent, experienced counsel.  *See id.*  These negotiations followed substantial discovery, including several depositions, which informed the parties of the strengths and weaknesses of their positions.  *See id.* at 2; *see also* Dkt. 35, Ex. 2 (documenting plaintiffs' counsel's work in connection with discovery).  And, although the settling plaintiffs appear to continue to work for defendants, there has been no sign of improper leverage exercised by

defendants in securing this settlement.  Instead, the settlement process appears to have been handled by counsel, not the parties.

Finally, no factor that weighs against settlement approval appears present.  Other than erstwhile plaintiff Padilla, the Court is unaware of other employees similarly situated to Browder, Hernandez, and Mota.  Padilla's failure to prosecute his claims ought not impede the other plaintiffs' abilities to settle theirs.  The fact that no other employee has come forward with a claim supports settlement approval.  *See Santos v. Yellowstone Props., Inc.*, No. 15 Civ. 3986 (PAE), 2016 WL 2757427, at *3 (S.D.N.Y. May 10, 2016).  Second, there is no indication of a pattern of FLSA violations or any past FLSA noncompliance by defendants, and no concrete reason to expect future violations.  Third, the complaint does not appear to raise any novel legal or factual issues that would further the development of the law in this area.  Fourth, the Agreement contains a release tightly tailored to plaintiffs' specific wage-and-hour claims.  *See* Agreement ¶ 1 (limiting release to plaintiffs' FLSA and NYLL claims, along with any other claims "related to their compensation based on the assertion that plaintiffs were employees of [defendants]" occurring prior to the execution of the Agreement); *see Martinez*, 2016 WL 206474, at *2 ("Courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'") (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)).  Fifth, the Agreement does not contain a confidentiality or non-disparagement provision.  *See Lopez*, 96 F. Supp. 3d at 177–81 (explaining why confidentiality provisions are in tension with FLSA's remedial purposes); *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15 Civ. 4259 (RA), 2015 WL 9162701, at *3

(S.D.N.Y. Dec. 15. 2015) (overbroad non-disparagement provision "contravenes the remedial purposes of the [FLSA]") (internal quotation marks and citation omitted).

Accordingly, having considered the totality of the circumstances, the Court finds the Agreement fair and reasonable.

### B.      Approval of Attorney's Fees and Costs

Both the FLSA and the NYLL are fee-shifting statutes that entitle plaintiffs to recover reasonable attorney's fees and costs incurred in successfully prosecuting wage-and-hour actions. *Gurung v. Malhotra*, 851 F. Supp. 2d 583, 595 (S.D.N.Y. 2012); *see* 29 U.S.C. § 216(b) ("The court in [an FLSA] action shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); N.Y. Lab. Law § 198(1-a) ("In any action instituted in the courts upon a wage claim by an employee [under the NYLL] in which the employee prevails, the court shall allow such employee to recover . . . all reasonable attorney's fees."). "Where plaintiffs obtain a favorable settlement in an action brought pursuant to the FLSA, they constitute prevailing parties and are entitled to attorney's fees." *Andrews v. City of New York*, 118 F. Supp. 3d 630, 634–35 (S.D.N.Y. 2015); *see also Kahlil v. Original Old Homestead Rest., Inc.*, 657 F. Supp. 2d 470, 474 (S.D.N.Y. 2009) ("[T]he fact that [plaintiff] prevailed through a settlement rather than through litigation does not weaken [plaintiff's] claim to fees." (quoting *Maher v. Gagne*, 448 U.S. 122, 129 (1980))).

Here, the Agreement allocates $20,000 of the total $65,000 settlement to plaintiffs' counsel, Neil H. Greenberg & Associates, P.C.  Agreement ¶ 2.  That sum is comprised of (1) $1,128 in costs incurred in bringing this action; and (2) $18,872 (or 29.5% of the total settlement amount, net of costs, of $63,872) in attorney's fees.  Memorandum at 2, 4–5.  This fee, which accounts for a little under one-third of the settlement net of costs, is consistent with "contingency

fees that are commonly accepted in the Second Circuit in FLSA cases." *Najera v. Royal Bedding Co., LLC*, No. 13 Civ. 1767 (NGG), 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015) (collecting cases); *cf. Beckert v. Rubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *3 (S.D.N.Y. Dec. 14, 2015) ("[W]hen awarding attorneys' fees on a percentage-of-the-fund basis, the appropriate denominator is the total settlement *net* of costs."). Regardless, the Court must, and now does, independently ascertain the reasonableness of the fee request. *Penafiel v. Rincon Ecuatoriano, Inc.*, No. 15 Civ. 112 (PAE), 2015 WL 7736551, *2 (S.D.N.Y. Nov. 30, 2015) (citing 29 U.S.C. § 216(b) (allowing "a *reasonable* attorney's fee") (emphasis in *Panafiel*)).

### 1.    Costs

"[A]ttorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *Rhodes v. Davis*, No. 08 Civ. 9681 (GBD), 2015 WL 1413413, at *4 (S.D.N.Y. Mar. 23, 2015) (quoting *LeBlanc–Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998)). The requesting party must substantiate the request for costs. *See CJ Prods. LLC v. Your Store Online LLC*, No. 11 Civ. 9513 (GBD), 2012 WL 4714820, at *2 (S.D.N.Y. Oct. 3, 2012) (denying reimbursement for undocumented costs). Court fees reflected on the Court's docket are sufficiently substantiated, as are costs for which a claimant provides extrinsic proof, such as an invoice or receipt. *See Abel v. Town Sports Int'l LLC*, No. 09 Civ. 10388 (DF), 2012 WL 6720919, at *34 (S.D.N.Y. Dec. 18, 2012). A sworn statement or declaration under penalty of perjury that certain amounts were expended on particular items is ordinarily also sufficient. *Id.*

Here, plaintiffs' counsel seeks $1,128 in costs, which consist of a $400 filing fee, costs incurred in serving defendants with process, and costs incurred in connection with deposing John Otero. *See* Dkt. 37 at 2. In support, plaintiffs' counsel submitted a declaration. *See id.* at 1. In

addition, the docket of this case reflects the $400 filing fee incurred to file this action.  *See* Dkt. 1

(ECF entry).  Upon review, the Court finds these disbursements adequately documented,

reasonable, and of the type commonly reimbursed by courts in this district.  *See, e.g.*, *Abel*, 2012

WL 6720919, at *34 (awarding, *inter alia*, $1,092 for court reporter costs in connection with a

deposition and $170 for fees in connection with service of subpoenas); *Lizondro-Garcia v. Kefi*

*LLC*, No. 12 Civ. 1906 (HBP), 2014 WL 4996248, at *9 (S.D.N.Y. Oct. 7, 2014) (awarding $607

for litigation expenses, including filing fees, service of process, and postage and delivery costs).

### 2.    Attorney's Fees

The starting point for determining the presumptively reasonable fee award is the

"lodestar" amount, which is "the product of a reasonable hourly rate and the reasonable number

of hours required by the case."  *Gaia House Mezz LLC v. State Street Bank & Trust Co.*, No. 11

Civ. 3186 (TPG), 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014) (quoting *Millea v. Metro–*

*North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)) (internal quotation marks omitted).  As to the

reasonable hourly rate, the Court's analysis is guided by the market rate "prevailing in the

community for similar services by lawyers of reasonably comparable skill, experience and

reputation."  *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).  The relevant community is this

District.  *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182,

190–91 (2d Cir. 2008).

Plaintiffs' attorneys have provided time records documenting their work on this case.  *See*

Dkt. 35, Ex. 2.  Both Mr. Greenberg and Mr. Reilly represent that the time entries were recorded

soon after the work performed and are accurate as to the work performed and hours worked.  *See*

Dkts. 36–37.  Reilly, admitted to practice law in New York since 2000, is an attorney with Neil

H. Greenberg & Associates, P.C., where he has worked continuously since 1999 and has worked

on various types of civil litigation matters, including wage-and-hour cases under the FLSA and NYLL. Dkt. 36 at 1–2. He represents that his hourly rate is $350 and that he billed 37.8 hours of work on this matter, *id.* at 2, for a total lodestar of $13,230. Greenberg, admitted to practice law in New York since 1982, is president of the firm, and has worked on similar matters. Dkt. 37 at 1–2. He represents that his hourly rate is $375 and that he billed 24.6 hours of work on this matter, *id.* at 2, for a total lodestar of $9,225.

These hourly rates are in line with the rates generally awarded in this District to attorneys with commensurate levels of experience in employment actions. *See Gonzalez v. Scalinatella, Inc.*, 112 F. Supp. 3d 5, 28 (S.D.N.Y. 2015) (approving hourly rate of $450 to partner with 17 years' legal experience, six spent prosecuting wage-and-hour cases); *Patino v. Brady Parking, Inc.*, 11 Civ. 3080 (AT) (DF), 2015 WL 2069743, at *3 (S.D.N.Y. Apr. 30, 2015) (approving hourly rate of $400 to founding partner with 13 years' experience in labor and employment law); *Sakiko Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 437 (S.D.N.Y. 2014) ("Courts in this District have determined in recent cases that a fee ranging from $250 to $450 is appropriate for experienced litigators in wage-and-hour cases." (internal quotation marks and citation omitted)); *Trinidad v. Pret a Manger (USA) Ltd.*, No. 12 Civ. 6094 (PAE), 2014 WL 4670870, at *9 (S.D.N.Y. Sept. 19, 2014) (collecting cases that approved hourly rates of $300–$400 in FLSA actions); *Kahlil*, 657 F. Supp. 2d at 475–76 ($400 per hour rate appropriate for attorney at small firm with 25 years' experience).

In addition, having reviewed Reilly's and Greenberg's time records, the Court finds that they reflect sound billing practices: They are sufficiently thorough, detailed, and easy to understand, and do not reveal duplication of effort. *See* Dkt. 35, Ex. 2. Accordingly, the Court finds Reilly's and Greenberg's proffered lodestars accurate.

The $18,872 fee award allocated by the Agreement ($20,000 minus $1,128 in costs) is short of the combined lodestar (it represents 84% of it).   This supports approval of the award. Moreover, while counsel's agreement with plaintiffs apparently contemplated a one-third fee, counsel represent that they agreed to accept slightly less to obtain a result that fully satisfies plaintiffs.  Memorandum at 5.  Having considered (1) the quality of the representation, (2) the magnitude of the settlement award, (3) the time and effort plaintiff's counsel spent litigating this action and securing settlement, and (4) the considerable risk involved with taking this case on a contingency fee basis, the Court finds this award, fair, reasonable, and in line with fees routinely approved in this District.  *See Sakiko*, 58 F. Supp. 3d at 439 (awarding fee constituting 2.28 multiplier of modified lodestar calculation and noting that "multiplier near 2 compensates [plaintiffs' counsel] appropriately" for "the risk associated with contingent fees in FLSA cases"); *Lizondro-Garcia*, 2015 WL 4006896, at *10–12 (finding "award of $105,000 or one-third of the fund—a 1.68 multiplier of the lodestar calculation and 1.52 multiplier of plaintiffs' counsel's stated hourly rates"—reasonable in light of quality of counsel, time and labor expended, risks of litigation, and litigation's magnitude and complexity); *Hart v. RCI Hosp. Holdings, Inc.*, No. 09 Civ. 3043 (PAE), 2015 WL 5577713, at *14 (S.D.N.Y. Sept. 22, 2015) (finding multiplier of 1.08 "quite low relative to the multipliers in many cases in which fees have been approved in this District").

The Court, therefore, finds the proposed award of attorney's fees fair and reasonable.

## CONCLUSION

For the foregoing reasons, the Court approves the parties' settlement agreement, pursuant to which Browder is to recover $7,000, Hernandez is to recover $19,000, Mota is to recover $19,000, and plaintiffs' counsel is to receive a total of $20,000, reflecting fees and costs.  The

Court also dismisses, with prejudice, the claims by plaintiff Padilla and the claims against third-party defendant Sully.  Accordingly, this action is hereby dismissed with prejudice in its entirety. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: November 30, 2016
New York, New York